WINFIELD J. MILLER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30604.)

Court of Claims, January 9, 1952.

*William T. Yorks* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Lawrence H. Wagner* of counsel), for defendant.

LAMBIASE, J. This is an application by the claimant for an order (a) requiring the State of New York by " John Costello, Clinton W. Areson and such guards or employees as had charge of one Ernest Costley, to appear at a time and place to be fixed in said Order to be examined as an adverse party before trial " upon the matters and issues in said notice of motion specifically set forth and which matters and issues claimant claims are material and necessary to his proof; and (b) directing " the said persons to produce upon said examination all records containing the history and care of the said Ernest Costley and the rules and regulations of said State Institution and all other documents, books or memoranda relating to the matters referred to herein, for the purpose of offering any or all of the aforesaid records and documents in evidence, and for such other and further relief as to the Court may seem just and proper." It was stipulated upon the argument of this motion that John Costello is now superintendent of the State Agricultural and Industrial School at Industry, and that Clinton W. Areson was superintendent of said school at the times mentioned in the claim, now being employed elsewhere by the State of New York.

The claim alleges among other things that:

" THIRD: This claim is for damages suffered by claimant by reason of the negligence of the State of New York, its officers, agents or employees, arising out of the escape of one Ernest Costley, an inmate of the State Agricultural and Industrial School at Industry, Town of Henrietta, Monroe County, New York, from the said school and the theft by the said Ernest Costley of a car belonging to the claimant and the total destruction of said car in an accident following the pursuit of the said Ernest Costley by the New York State Police.

" FOURTH: On or about the 30th day of September, 1950, the said Ernest Costley, being an inmate of the said State Agricultural and Industrial School at Industry, New York, escaped from the said school through the carelessness and negligence of the employees of the said school, who are employees of the State of New York. That the said negligence of the State of New York, its said officers and employees consisted in allowing

the said Ernest Costley to escape from the said institution and in the failure on the part of the said State of New York, its officers, agents and employees to properly guard and watch the said Ernest Costley, and the said Ernest Costley, through the negligence and carelessness of the State of New York, its officers, agents and employees, did steal a certain 1949 Ford Custom Club Coupe car, bearing New York State License No. M9901 belonging to the claimant and did drive the same in a negligent, reckless and unlawful manner thereby hitting a tree on South Street in the Village of Pittsford, Monroe County, New York, totally destroying the said car owned by the claimant.

'' FIFTH: That the said theft and accident resulting in the complete loss of claimant's car was caused by the negligence of the State of New York, its officers, agents and employees, in allowing the said Ernest Costley to escape from the said State Agricultural and Industrial School, in failing to properly guard the said Ernest Costley, in failing to apprehend the said Ernest Costley and in recklessly pursuing the said Ernest Costley, while driving claimant's car, at a speed of approximately ninety miles per hour through a congested and thickly populated area on South Street in the Village of Pittsford, New York, thereby causing the said Ernest Costley to lose control of the car and running into and striking a tree, all of which resulted to the damage of the claimant.''

The State of New York opposes the granting of any examination contending '' that the information and records in the possession of the school with respect to the reason behind the boy's commitment, the nature of any prior delinquencies, and his personal background and history is confidential and privileged.''

The State agricultural and industrial school at Industry is under the jurisdiction of the Department of Social Welfare of the State of New York. It is an institution owned, maintained, and operated by the State of New York for the care and training of children who shall be legally committed thereto and for their guidance and supervision on release (Social Welfare Law, § 425).

By section 372 of the Social Welfare Law of the State of New York, it is provided in pertinent part that: '' 1. Every court, and every public board, commission, institution, or officer having powers or charged with duties in relation to abandoned, delinquent, destitute, neglected or dependent children who shall receive, accept or commit any child shall provide and keep a record showing:'' the matters and data required by paragraphs

(a) through (j), both letters inclusive, in said subdivision contained, said paragraph (j) providing: "(j) the reasons for any act performed in reference to such child herein required to be recorded, *together with such further information as the board may require;* and shall make to the department upon blanks provided by the department reports of each such child placed out, or boarded out, containing the information herein required to be kept; and shall furnish such information to any authorized agency to which any such child shall be committed or otherwise given into custody." (Emphasis supplied.) Said section further provides: "2. Every charitable, eleemosynary, reformatory, or correctional institution, public or private, incorporated or unincorporated, and every agency, association, corporation, institution, society or other organization which shall receive, accept, or admit any child whether or not in receipt of payments from public funds for the support of such child shall provide and keep a record as described in subdivision one of this section, and also showing how, by whom and for what reason such child shall have been given into its custody or committed to it and shall make reports of each such child to the department upon blanks provided by the department giving all the information required by subdivision one of this section to be recorded *together with such further information as the board may require.* Except as to children placed out, boarded out or surrendered or for whom guardianship is accepted or adoption provided, the requirement of this section shall not apply to hospitals, day nurseries, eleemosynary day schools, and summer and vacation homes and camps, or to institutions for the care of convalescent, anaemic, undernourished or cardiac children, preventoria, working boys' homes, emergency shelters and schools for the blind and for the deaf, but all such hospitals, homes and institutions shall keep such records and make to the department such reports as the board may require. (Emphasis supplied.) 3. Upon application by a parent, relative or legal guardian of such child or by an authorized agency, after due notice to the institution or authorized agency affected and hearing had thereon, the supreme court may by order direct the officers of such institution or authorized agency to furnish to such parent, relative, legal guardian or authorized agency such extracts from the record relating to such child as the court may deem proper. The department through its authorized agents and employees may examine at all reasonable times the records required by this section to be kept. 4. All such records relating to such children

shall be open to the inspection of the board at any reasonable time, and the information called for under this section and such other data as may be required by the board shall be reported to the department, in accordance with the rules of the board. Such records kept by the department shall be deemed confidential and the board shall safeguard them from coming to the knowledge of and from inspection or examination by any person other than one authorized, by the commissioner or by a justice of the supreme court after a notice to all interested persons and a hearing, to receive such knowledge or to make such inspection or examination. No person shall divulge the information thus obtained without authorization so to do by such commissioner or by such justice." The foregoing provisions of section 372 are applicable and pertinent to our inquiry; and it is obvious therefrom, and particularly from those contained in subdivisions 3 and 4 above set forth, that the records therein mentioned are made confidential, and that the use by anyone of information obtained from said records is thereby controlled.

Unless there are no questions raised by the matters and issues and by the requested production of records involved in this application as to the matters safeguarded against in said section 372, it is our opinion that claimant must proceed in the first instance under said section to resolve such questions in the manner therein provided before applying to this court for an order providing for an examination before trial under section 17 of the Court of Claims Act. We have arrived at the conclusion that there are such questions involved upon this application for the scope and purpose of the examination sought as ascertained from the interrelated and interdependent several matters and issues and from the requested production of records contained in the notice of motion, demonstrate that to be a fact. Upon the papers before us, including the claim, therefore, we are of the opinion that this motion must be denied *at this time,* without prejudice, and that the claimant must proceed in the first instance under section 372 to resolve such questions before applying to this court for an order providing for an examination before trial. After having followed that procedure and depending upon the outcome thereof, should the need be indicated therefor and should he be so advised, claimant may make a new application to this court for an order providing for an examination before trial, at which time we could pass upon the application free from any question raised by virtue of said section 372. We think that the foregoing disposition of this motion is in

keeping with the manifest policy of the Legislature of the State of New York of treating children who violate the law not as criminals, but rather as neglected and delinquent children to be guided and to be redeemed.

The motion is denied without prejudice, however, to the right of the claimant to make a new application to this court for an order providing for an examination before trial as hereinabove indicated.

Submit order accordingly.