STRATFORD FACTORS, a COPARTNERSHIP, Appellant, *v.* NEW YORK STATE BANKING DEPARTMENT et al., Respondents, et al., Defendants.

First Department, March 15, 1960.

*Emanuel Silverman* of counsel (*Jack Goldstein* with him on the brief; *Emanuel Silverman,* attorney), for appellant.

*Herbert J. Wallenstein* of counsel (*Paxton Blair* and *Irving Galt* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for respondents.

VALENTE, J.   Plaintiff sued to recover $52,217.33 from defendants as the balance due on a loan made by plaintiff to Concord Supplies & Equipment Corp.   The defendants — the Pennsylvania Exchange Bank and two of its former officers, one of whom is now deceased — were charged with fraudulently misrepresenting to plaintiff the amount of an outstanding loan due to the bank from Concord, concealing pertinent facts concerning

the amount of that loan and misrepresenting the financial condition of Concord. It was alleged that in reliance on the misrepresentations, plaintiff was induced to make a loan of $50,000 to Concord in October, 1955, no part of which has been repaid, because soon thereafter Concord was declared a bankrupt.

It appears that the New York State Banking Department conducted an examination and investigation into the affairs of the bank during the period from 1954 to 1956. In fact, the inquiry by the Banking Department still continues. There is presently a " resident " bank examiner at the premises of the bank, and the institution remains under the continuing supervision of the Banking Department.

Plaintiff caused to be served upon the Superintendent of Banks of the State of New York and the New York State Banking Department a subpoena duces tecum requiring the production upon the trial of the action of " all documents, correspondence and memoranda with The Pennsylvania Exchange Bank during the years 1954, 1955 and 1956 relating to the transactions of The Pennsylvania Exchange Bank and Concord Supplies and Equipment Corp. now in your custody, and all other deeds, evidences and writings, which you have in your custody or power, concerning the premises."

Another subpoena duces tecum, served on the defendant bank, called for the production at the trial, among other things, of " all documents, correspondence and memoranda with the Superintendent of Banks of the Department of Banking during the years 1954, 1955 and 1956 relating to the transactions of The Pennsylvania Exchange Bank and Concord Supplies and Equipment Corp."

The Banking Department thereupon moved to vacate the subpoena served upon the Superintendent and the department and to modify the subpoena served upon the bank to the extent of striking therefrom the matter hereinabove quoted. Plaintiff seeks to review the order of Special Term which granted the motion *in toto* on the authority of our decision in *Matter of Clark* v. *Flynn* (9 A D 2d 249).

*Matter of Clark* v. *Flynn* sustained a claim of privilege asserted by the Superintendent of Banks under the provisions of subdivision 10 of section 36 of the Banking Law which declares that " All reports of examinations and investigations " of the Banking Department " shall be confidential communications, shall not be subject to subpoena and shall not be made public unless, in the judgment of the superintendent, the ends of justice and the public advantage will be subserved by the

publication thereof ''. In the instant case, the Superintendent of Banks has once more claimed the privilege, asserting that in his judgment the public advantage will not be subserved by publication of the documents in question through their production at the trial for introduction in evidence.

This appeal presents another facet of the problem of governmental claim of privilege to nondisclosure of evidence in suits between private litigants to which the Government is not a party. The general question has been the subject of considerable discussion among law writers (M. M. Carrow — Governmental Nondisclosure In Judicial Proceedings, 107 U. of Pa. L. Rev. 166–198 [1958] ; J. W. Bishop, Jr.— The Executive's Right of Privacy, 66 Yale L. J. 477–491 [1957] ; Berger and Krash — Government Immunity From Disclosure, 59 Yale L. J. 1451 [1950] ; Sanford — Evidentiary Privileges Against the Production of Data, etc., 3 Vand. L. Rev. 73 [1949] ; Notes, 69 Yale L. J. 452–461 [1960] ; 58 Yale L. J. 993 [1949] ; 41 Corn. L. Q. 737–749 [1956] ; 29 N. Y. U. L. Rev. 194 [1954] ; 32 A. L. R. 2d 391–407 ; 8 Wigmore, Evidence [3d ed.], § 2378 ; McCormick, Evidence, §§ 143–149).

Whenever a governmental privilege against nondisclosure is asserted, a court is faced with a resolution of two conflicting interests. (See *Bank Line* v. *United States,* 76 F. Supp. 801, 803.) Initially, there is the interest of the individual litigant to obtain justice through full disclosure of all relevant information. In *Matter of Bakers Mut. Ins. Co. (Dept. of Health)* (301 N. Y. 21, 27) LOUGHRAN, Chief Judge said: '' The right to resort to means competent to compel the production of written as well as oral testimony has long been regarded as not less than essential to the very existence and constitution of a court at common law. But persons subpœnaed may nevertheless assert against the compulsion of such process whatever privileges they may enjoy under the common law or by statute (see *American Lithographic Co.* v. *Werckmeister,* 221 U. S. 603; 8 Wigmore on Evidence [3d ed.], § 2191, pp. 62–63).''

Opposed to the individual suitor's interest is that of governmental officials to prevent disclosure where it would impinge upon effective administration or where the public interest would be adversely affected.

In England the rule is established that the claim of privilege made by a governmental agency must be respected and allowed by the courts without any further inquiry into the substance of the claim. (*Duncan* v. *Cammell, Laird & Co.* [1942] A. C. 624.) As Viscount Simon, L. C. said in that case (p. 641): '' The

practice in Scotland, as in England, may have varied, but the approved practice in both countries is to treat a ministerial objection taken in proper form as conclusive."

In this country, it was established by *United States* v. *Reynolds* (345 U. S. 1, 9–10) that: "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." Hence, where a claim of privilege is made, there must be an appropriate basis for the assertion thereof; and whether there is or not will be for the court to determine.

In *Matter of Clark* v. *Flynn* (9 A D 2d 249, *supra*) the claim of privilege under subdivision 10 of section 36 of the Banking Law was sustained as not being arbitrary or capricious. It was held that the determination of the Superintendent of Banks to withhold publication of the documents there in question subserved the public advantage and the ends of justice, and that: "It had a reasonable basis in the concern of the Banking Department in maintaining public confidence in banks and the freedom which the department should operate in making frank and forceful criticism of the conduct of the affairs of banking institutions" (p. 251).

The decision in *Matter of Clark* recognized that, since the privilege granted by subdivision 10 of section 36 of the Banking Law was a statutory one, it did not lie within the province of a court to review the exercise of the Superintendent's discretion concerning the advisability of making public the reports specifically defined in the statute. The court's function was exhausted when it was determined that, in fact, the discretion had been duly exercised, that the privilege was being asserted to the production of the restricted class of documents, i.e., reports of examinations and investigations, and that the reports had not theretofore been made public.

However, in *Matter of Clark,* the reports, for which the privilege of nondisclosures was asserted, were physically before the Trial Judge and this court for examination. The protest was not sustained *in vacuo*. From a perusal of the documents, a determination was made that they were reports of examinations and investigations of the Banking Department (as prescribed by subdivision 10 of section 36 of the Banking Law); that it was not a capricious claim that the public advantage would not be served by their release, and that the privilege had not been waived by prior publication.

In the case *sub judice,* however, the documents directed to be produced by the subpœnas duces tecum were not submitted to the court on the motion to quash. Hence, no determination could properly be made as to whether the papers called for fell

within the protected category of reports of examinations and investigations of the Banking Department. Subdivision 10 of section 36 of the Banking Law does not by its terms permit a suppression of all communications with the Banking Department.

Only a restricted class of documents — " reports of examinations and investigations " — are deemed such confidential communications. While the word " reports " was given a broad interpretation in *Matter of Clark,* the restrictive character of the protected matter, as defined by the statute, cannot be ignored.

In *United States* v. *Reynolds* (345 U. S. 1, 8, *supra*) VINSON, Chief Justice said: " The court itself must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect. The latter requirement is the only one which presents real difficulty."

We are not without analogous procedural devices which have been employed in other situations to overcome the difficulty of making a determination of a claim of privilege of nondisclosure. In the Federal courts, it has been suggested that the documents can be examined by the court *in camera* and ex parte. (*United States* v. *Schneiderman,* 106 F. Supp. 731, 734; *Cresmer* v. *United States,* 9 F. R. D. 203; see, also, opinion of Judge MARIS in *Reynolds* v. *United States,* 192 F. 2d 987, 997 [3d Cir., 1951], revd. 345 U. S. 1, *supra.*)

The procedural devices employed by courts in criminal cases, where prior statements or Grand Jury testimony of witnesses are sought for the purpose of impeaching witnesses, can be adapted to the problem of determining a claim of governmental privilege. The practice has been to permit an examination of a statement or Grand Jury minutes after the court, upon inspection, *in camera,* finds that they contain material at variance with the testimony of the witness on the stand (*People* v. *Dales,* 309 N. Y. 97, 103; *People* v. *Walsh,* 262 N. Y. 140, 149–150).

The statutory purpose of subdivision 10 of section 36 of the Banking Law can be supported, and at the same time the responsibility of the court is not abdicated, by the adoption of such a procedural method. The opportunity should have been given to the Special Term Justice, to whom the claim of privilege of nondisclosure was made in the instant case, to examine the documents, ex parte and *in camera,* and then to determine whether they were encompassed within the statutory privilege. The acceptance of the blanket, unilateral assertion of the privilege as to all the papers and documents recited in the subpœnas without such a preliminary examination by the court

was not consonant with plaintiff's right to the use of all relevant evidence not specifically bounded by the restrictions of subdivision 10 of section 36 of the Banking Law.

The order should therefore be reversed, on the law and on the facts, without costs, and the motion remitted to Special Term for examination of the papers and documents called for by the subpœnas duces tecum *in camera,* and ex parte, and determination as to which of such papers and documents are privileged documents as being reports of examinations and investigations of the Banking Department within the meaning of subdivision 10 of section 36 of the Banking Law.

BOTEIN, P. J., BREITEL, RABIN and M. M. FRANK, JJ., concur.

Order unanimously reversed on the law and on the facts, without costs, and the motion remitted to Special Term for examination of the papers and documents called for by the subpœnas duces tecum *in camera,* and ex parte, and determination as to which of such papers and documents are privileged documents as being reports of examinations and investigations of the Banking Department within the meaning of subdivision 10 of section 36 of the Banking Law.