Sidney Squire, J.
Claimants move ‘ ‘ for an Order pursuant to Section 17 of the Court of Claims Act of the State of New York, directing an examination before trial of the State of New York, its agents, servants, and/or employees, and discovery and inspection of all records, reports, documents, and other papers concerning one, ROBERT TATE, in the possession of the State of New York, its agents, servants, and/or employees ”.
The moving affidavit avers that ‘ ‘ An example of facts critical to claimant’s cause of action which are peculiarly within the knowledge of defendant are: The history of ROBERT TATE’s conduct, his prior acts of violence, and his prior conflicts with the law; The reason for ROBERT TATE’s incarceration in the Goshen Annex Center for Boys; The proposed length of his confinement; The security arrangements of the Goshen Annex Center for Boys, with respect to ROBERT TATE; His conduct *644 while confined to the institution; His condition and status at the institution before his release.”
The claim alleges that on February 20, 1970 about 11:45 a.m. at a specified address in Flushing, New York City, the decedent ‘' was attacked, beaten, and killed ’ ’ by said Robert Tate who then ‘ ‘ was an inmate at the Goshen Annex Center for Boys, located at Goshen, New York, and owned, operated and maintained by the State of New York.”
Paragraph 3 of the verified claim pleads that “ The said occurrence was due solely and wholly to the negligence of the State of New York, its agents, servants, and employees, in failing to adequately and properly supervise and control ROBERT TATE, an inmate of the Goshen Annex Center for Boys; in causing and permitting the said ROBERT TATE to leave the Goshen Annex Center for Boys in his own custody; in failing to adequately and properly review the history and background of said ROBERT TATE, before permitting him to leave and releasing him in his own custody from the Goshen Annex Center for Boys; in failing to take the adequate precautions necessary to prevent said occurrence.
“ The State of New York, its agents, servants and employees knew, and in the exercise of reasonable diligence, should have known of the vicious propensities of said ROBERT TATE, and that to release or parole him would constitute a danger to persons he might come into contact with, and more particularly the deceased, ANNA GAGLIANO.”
The defendant opposes this motion asserting that this court at this juncture ‘‘ lacks jurisdiction to order the production of the records ” and that in any event “ the public interest” requires that such examination before trial await the outcome of the anticipated trial this month in Queens County of the People against said Robert Tate who had been indicted for murder.
For a determination of the initial legal question we must refer to the Social Services Law (formerly Social Welfare Law). Section 425-a thereof is headed ‘ ‘ Special facilities for juvenile delinquents ”. Subdivision 2 prescribes the establishment and maintenance of the Goshen Annex of the boys’ training schools as a permanent facility which ‘1 shall be operated as the security branch of the boys’ training schools”.
Section 372 of the Social Services Law contains specific provisions with respect to records ‘1 in relation to abandoned, delinquent, destitute, neglected or dependent children”. Subdivision 3 thereof sets forth the procedure for an “ application by a parent, relative or legal guardian of such child or by an *645 authorized agency ’ \ Obviously, the claimants are not within those categories.
Subdivision 4 of said section 372 declares that: “ All such records relating to such children shall be open to the inspection of the board at any reasonable time, and the information called for under this section and such other data as may be required by the board shall be reported to the department, in accordance with the rules of the board. Such records kept by the department shall be deemed confidential and the board shall safeguard them from coming to the knowledge of and from inspection or examination by any person other than one authorized, by the commissioner or by a justice of the supreme court after a notice to all interested persons and a hearing, to receive such knowledge or to make such inspection or examination. No person shall divulge the information thus obtained without authorization so to do by such commissioner or by such justice.”
Accordingly, at bar no meaningful examination before trial or inspection of records can be conducted without the prior authority of the State’s Commissioner of Social Services or an order signed by a Justice of our State’s Supreme Court ‘ ‘ after a notice to all interested persons and a hearing ”. (Cf. Miller v. State of New York, 205 Misc. 478, Lambiase, J.)
The Legislature has determined that the records relating to these young people required even greater restrictions than the records of persons under the aegis of the Department of Mental Hygiene. Section 20 and subdivision 9 of section 34 of the Mental Hygiene Law are the pertinent provisions. They provide that the records of the Department of Mental Hygiene are not “ accessible ” except to the department’s Commissioner and other designated employees or upon ‘ ‘ an order of a judge of a court of record ’ ’. This court, a court of record, passes upon such applications throughout the year. Regretfully, it has not been given similar power as to records of the Department of Social Services.
The defendant’s opposition predicated on the pendency of the criminal prosecution of Tate, is also sound at present. Zara Contr. Co. v. State of New York (22 A D 2d 415, 417) rather recently reviewed the rationale of the legal principle that “ the public interest in the criminal prosecution is of ‘ superior weight ’ ” to a “ civil litigant’s claim of an immediate right to pretrial procedures tending to disclose the prosecution’s case ”. There, in somewhat different juxtaposition of the litigants, the order below which had granted claimant’s motion for an examination before trial of the State, was modified “ on the law and *646 the facts and in the interests of justice, so as to deny, pending determination of the criminal prosecution, examination regarding, and production of data concerning the issues * * * or with respect to any facts which may be relevant both to the claim proper and to the criminal prosecution, and, as so modified, affirmed * * * and without prejudice to an application to vacate such restrictions in the order if, without good cause, the criminal action shall not be brought'to trial promptly.” The legal principle is also controlling as to these claimants.
For purposes of exactitude, it is noted that I have read and considered other legal opinions cited by counsel. They are not contained in this memorandum because their inclusion and discussion now would be premature and obiter.
Claimants’ motion is denied without prejudice to a renewal thereof on appropriate foundations.