### (January 15, 1980)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ANDRIANI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOYLE, Appellant.—Judgments of conviction, rendered May 12, 1978, Supreme Court, New York County, are affirmed. We have heretofore held this appeal in abeyance and remitted the matter "for the reopening and continuance of the pretrial hearing on the subject of identification of [these] defendants-appellants * * * by the witness Febee, to make new findings of fact and conclusions of law, and a new determination" *(People v Andriani,* 67 AD2d 20, 26). The reopened hearing has been held, including, by stipulation, all previous relevant trial testimony. The Trial Justice, by order of September 8, 1979, has denied the reopened motion to suppress Febee's identification of defendants-appellants, and we sustain his findings and conclusions for the reasons set forth in his order and decision. So much for the points raised as to unreliability of Febee as an identification witness as to both defendants. As to other specific points in the supplemental briefs in behalf of appellants, we rule separately as to each. Both appellants attack the use of a curtain at the lineup, as described in our earlier writing at page 23. (67 AD2d 20, 23, *supra.)* We hold this particular concealment of identity of a lineup witness not to have violated appellants' rights since such a concealed witness, though unknown at the time of the viewing, may be—indeed, now has been—questioned both at a hearing and at trial. (See *United States v Tolliver,* 569 F2d 724, 728.) The method used has been characterized as "not a mode to be followed" *(People v Andriani,* 67 AD2d 20, 23, *supra),* and is fraught with possibilities of irreparable error, but it did no harm in this case. And the defendants' right to counsel was not violated since counsel did actually, save for identity of the witness, have the opportunity otherwise to observe. And the photographic array shown to Febee was not impermissibly suggestive. We do not consider that Doyle's photo was taken while he was illegally detained. All other points raised have been covered in our prior rulings, to which we adhere. Concur—Silverman, J. P., Fein and Markewich, JJ.

Sandler, J., dissents in a memorandum as to *People v Doyle* as follows: I

would reverse Doyle's conviction and dismiss the indictment as to him for the reasons I previously set forth in *People v Andriani* (67 AD2d 20, 26).