■ CHARLES FEBEE et al., Appellants, v CITY OF NEW YORK, Respondent. — Order, Supreme Court, New York County (Alfred M. Ascione, J.), entered on October 28, 1982, affirmed, without costs and without disbursements. Concur — Sandler, Silverman and Bloom, JJ. Asch, J., concurs in a memorandum, and Kupferman, J. P., dissents in a memorandum, as follows:

Asch, J. (concurring). I join the majority in its result. However, Special Term relied on the ground that the material sought was interagency matter exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law. It seems to me to be inappropriate to rely on this ground. The plaintiffs sought discovery here under CPLR 3120, not the Freedom of Information Law (Public Officers Law, art 6). Since the material sought from the Internal Affairs Department of the New York City Police Department was not "specified with reasonable particularity in the notice", as required by CPLR 3120 (subd [a], par 1, cl [i]), the result reached by Special Term was correct.

Kupferman, J. P. (dissenting). I dissent. I would modify the terms of the protective order to provide for a judicial in camera inspection of the entries record of the Internal Affairs Division of the New York City Police Department to determine whether the city's claim of public interest privilege should be sustained. If the Justice determines thereafter that copies should be produced to plaintiffs, then any irrelevant, nonfactual, or evaluative material should be

redacted. Although this appeal involves only the issue of whether these records are discoverable, a review of the underlying facts should put the discovery issue in focus. On September 8, 1976, in Washington Square Park in the City of New York, a youth gang, armed with bats and clubs, committed unprovoked, allegedly racially motivated assaults against black and Hispanic men. Plaintiffs are suing the City of New York for damages for personal injuries allegedly sustained in those assaults, on the ground that the city failed to provide adequate police protection either through negligence or the complicity of individual officers. One plaintiff claims to have lost the sight in his right eye as a result of being attacked. Of the perpetrators who were apprehended and convicted, all have exhausted their appeals. (See *People v Andriani,* 67 AD2d 20, cert den *sub nom. Boutureira v New York,* 444 US 866; *People v Andriani,* 73 AD2d 864.) Plaintiffs charge that the police detail assigned to Washington Square Park on the date of the melee had advance knowledge of the impending attack and deliberately absented themselves. In the course of deposing a police officer assigned to that detail, who allegedly had to return to police headquarters shortly before the attacks, plaintiffs learned that the internal affairs division of the police department had conducted an investigation into the absence of police protection at the time of the assaults. Plaintiffs served the city with a notice for discovery and inspection (CPLR 3101, 3120) pertaining to five separately described items in the possession of the police department with respect to the incident. The city did not object to four of the items requested, but moved for a protective order (CPLR 3103) with respect to item No. 5 on the ground that the information sought was protected from disclosure under both the common-law public interest privilege and as intra-agency materials under section 87 (subd 2, par [g]) of the Public Officers Law (Freedom of Information Law). Special Term granted the motion for a protective order solely on the basis of the Freedom of Information Law. Item No. 5 requests disclosure of: "5. The entries record of the Internal Affairs Department of the New York City Police Department regarding New York City Police Department personnel's involvement in the incident which occurred on September 8, 1976 at Washington Sauare [*sic*] Park, New York City, New York." This description should be deemed sufficient to enable defendant to identify the material sought. (Cf. *Matter of Dunlea v Goldmark,* 54 AD2d 446, 449.) If the materials covered by item No. 5 would be discoverable, despite a claim of confidentiality, under the common-law public interest privilege, then the fact that the records may be intra-agency materials under the Freedom of Information Law (Public Officers Law, § 87, subd 2, par [g]) would not preclude disclosure inasmuch as subdivision 6 of section 89 of the Public Officers Law provides "[n]othing in this article shall be construed to limit or abridge any otherwise available right of access at law or in equity of any *party* to records." (Emphasis supplied.) Therefore, Special Term should not have granted the motion for a protective order on the ground of the Freedom of Information Law without considering the common-law public interest privilege. To sustain a claim of public interest privilege against disclosure, the agency must present the court, for *in camera* inspection if necessary, with specific support for its contention, with the public interests to be analyzed on a case-by-case basis. (See *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 118-119; *Stratford Factors v New York State Banking Dept.,* 10 AD2d 66, 70-71 [privilege under State Banking Law].) In the present case, where no ongoing investigation is being conducted, where all related criminal proceedings have been completed, and where the material sought, which is unavailable by other means, is highly material and necessary to plaintiffs' claims, the balance should be struck in favor of plaintiffs' right to adduce evidence. (Cf. *Frankenhauser v Rizzo,* 59 FRD 339, 344-345.) Nonetheless, there should be as

much protection, consistent therewith, as is possible, for the confidentiality of agency materials. Accordingly, the order entered on October 28, 1982, which granted the defendant's motion for a protective order, should be modified, on the law and the facts, to provide for a judicial *in camera* inspection of the records sought by item No. 5, and disclosure of any portions deemed relevant by the Judge presiding, after redaction of nonfactual or evaluative material, without costs.