OPINION OF THE COURT
C. Raymond Radican, J.
In this contested proceeding for letters of administration the police department and Nassau County District Attorney move to quash two subpoenas duces tecum and notices for oral depositions.
The decedent Mindy Sue Schwartz died in August 1985 survived by her husband, Samuel Schwartz, and both of her parents. The parents have petitioned for letters of administration and the spouse has cross-petitioned for letters. The parents contend that Mr. Schwartz may be responsible for the death of his wife and thus lacks status to petition for letters of *787 administration. The District Attorney has stated in open court that the surviving spouse has not been excluded as a suspect.
The parents seek to depose employees of the Nassau County District Attorney’s office and Nassau County Police Department and to secure records pertaining to the investigation of the decedent’s death. The Nassau County District Attorney and the police department take the position that the information is protected from disclosure by the common-law "public interest” privilege and by the Freedom of Information Law (Public Officers Law § 87 [2] [e]).
Prior to the enactment of the Freedom of Information Law (Public Officers Law § 84 et seq.), government agencies were often able to prevent disclosure by asserting the common-law interest privilege. This is a qualified privilege which requires a balancing of the public interest against the interests of the person seeking the information.
Under the Freedom of Information Law all government records are presumptively subject to disclosure unless they fall within one of the enumerated exemptions (Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294; Matter of Fink v Lefkowitz, 47 NY2d 567; Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575). These exemptions include situations where disclosure would (1) interfere with law enforcement investigations or judicial proceedings (Public Officers Law § 87 [2] [e] [i]); and (2) identify a confidential source or disclose confidential information relating to a criminal investigation (Public Officers Law § 87 [2] [e] [iii]). These are two grounds cited by the police department and District Attorney in support of the motion to quash.
The court finds that the police department and District Attorney have satisfied the burden of establishing that the records in question fall within the first two exemptions indicated above. If necessary, the court would have reviewed the documents in camera, which the movants asked the court to do. It appears, however, that a finding that the records come within one or more of the exemptions is not dispositive in this case.
The purpose of the Freedom of Information Law is to maximize accessibility of government documents to the public to ensure government accountability (Public Officers Law § 84). Where a person seeking records is a litigant the discovery provisions of the CPLR and the Freedom of Information *788 Law provide independent vehicles for the production of records.
The requirements of specificity and relevancy in CPLR article 31 are not applicable to the Freedom of Information Law (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75; FOIL-AO-3586). Thus, when a litigant seeks records of a government agency, access will usually be greater under the Freedom of Information Law (see, 36 Syracuse L Rev 461, 487-492). Where a litigant seeks information under the Freedom of Information Law the government agency may not raise the common-law privilege as a defense. The Freedom of Information Law fixes the government’s interest (Matter of Doolan v Board of Coop. Educ. Servs., 48 NY2d 341).
The question presented in this case is the converse of the situation in Matter of Farbman & Sons v New York City Health & Hosps. Corp. (supra). The question is whether the Freedom of Information Law is the sole test for determining the government information privilege under the CPLR. Specifically, where records are protected from disclosure under the Freedom of Information Law, are they automatically protected from disclosure where a party seeks discovery under the CPLR, or should the common-law privilege be applied?
Since the exemptions in the Freedom of Information Law are modeled after the Freedom of Information Act (5 USC § 552) it is appropriate to use Federal cases as a guide (Matter of Fink v Lefkowitz, 63 AD2d 569, mod on other grounds 47 NY2d 567, supra). The Federal courts have held that the exemptions in the Federal statute do not create an evidentiary privilege of their own force under the Federal rules of discovery (Friedman v Bache Halsey Stuart Shields, 738 F2d 1336; Jupiter Painting Contr. Co. v United States, 87 FRD 593). It has been held that "[w]ith regard to a qualified privilege, such as governmental privilege, [Freedom of Information Law] exemption cannot even indirectly delimit claims of privilege since it does not take into account the degree of need for the information exhibited by the claimants” (Jupiter Painting Contr. Co. v United States, supra, at p 597).
Thus, while a litigant should not be denied access to information which any member of the public can obtain, it does not logically follow that because a member of the public is denied access to information, the litigant should be deprived of the opportunity to demonstrate that his interest outweighs *789 the public’s interest in confidentiality. The provisions of the CPLR provides a second level of access to the litigant (see, Report of Administrative Conference of the United States, 48 Fed Reg 46795 [Oct. 14, 1983]).
Moreover, the Public Officers Law specifically provides that "Nothing in this article shall be construed to limit or abridge any otherwise available rights of access at law or in equity of any party to records” (Public Officers Law §89 [6]; see also, Febee v City of New York, 95 AD2d 664 [Kupferman, J., dissenting opn]).
A balancing test should be applied to determine whether the government’s interest in nondisclosure outweighs the petitioners’ interest in disclosure (Friedman v Bache Halsey Stuart Shields, supra). As part of the balancing test, the court should take into account the Legislature’s concern for preserving the confidentiality of the records of the police department and other law enforcement agencies, as expressed in the Freedom of Information Law (Toran, Information Disclosure in Civil Actions: The Freedom of Information Act and the Federal Discovery Rules, 49 Geo Wash L Rev 843, 848-854).
In this case the government’s interest in preserving the confidentiality of an investigation into a possible homicide far outweighs the petitioners’ interest in securing information in support of an application for letters of administration. The motion to quash is granted (Zara Contr. Co. v State of New York, 22 AD2d 415; Gagliano v State of New York, 66 Misc 2d 643).
This decision is without prejudice to a renewed application at the termination of criminal proceedings or at a future date if formal proceedings are not commenced. While the court finds it unnecessary to review the records in camera for this proceeding, it may be necessary in subsequent proceedings which may be commenced by the fiduciary appointed. The court will pass on same at that time.
The court finds it unnecessary to address the additional argument that the material sought is protected from disclosure pursuant to CPLR 3101 (c) and (d).