■ NEW YORK TELEPHONE COMPANY, Respondent, v NASSAU COUNTY et al., Appellants. (Matter No. 1.) In the Matter of NEW YORK WATER SERVICE CORPORATION, Petitioner, v NASSAU COUNTY et al., Respondents. (Matter No. 2.) In the Matter of LONG ISLAND WATER CORPORATION, Respondent, v NASSAU COUNTY et al., Appellants. (Matter No. 3.) [862 NYS2d 588]—

In an action, inter alia, for a judgment declaring that RPTL article 18, as applied in Nassau County for the purpose of assessing the value of certain real property and imposing ad valorem levies in non-countywide special districts during certain tax years, violated the RPTL and the Equal Protection Clauses of the United States and New York State Constitutions, and two proceedings pursuant to CPLR article 78, inter alia, to review determinations setting the equalization rates and assessed values of the petitioners' respective special franchise property in the same special districts during the same tax years, which were all joined for the purpose of discovery and trial, Nassau County, the Nassau County Department of Assessment, the Nassau County Board of Assessors, Abe Seldin, as the Chairman of the Nassau County Board of Assessors, the Nassau County Board of Supervisors, and the Nassau County Legislature, appeal in matter No. 1, and appeal, by permission, in matter No. 3, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered April 12, 2007, as granted those branches of the motion of the New York Telephone Company and the Long Island Water Corporation which were to compel certain disclosure and denied that branch of their cross motion which was for a protective order regarding such disclosure.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to compel certain disclosure are denied and that branch of the cross motion which was for a protective order regarding such disclosure is granted.

The New York Telephone Company and the Long Island Water Corporation (hereinafter the Utilities) seek to compel the disclosure of certain communications regarding the financial impact on Nassau County of a potential judgment against it in these matters. In particular, the Utilities seek the disclosure of certain communications between Nassau County officials, the deposition of another County official regarding communications with Nassau County Interim Finance Authority (hereinafter NIFA) officials, and the deposition of a NIFA official. Pursuant to the Public Authorities Law, NIFA is responsible for the monitoring and review of Nassau County's finances (*see* Public Authorities Law §§ 3667, 3668).

The Supreme Court improvidently exercised its discretion in compelling the disclosure sought here (*see generally Matter of Montgomery Group, LLC v Town of Montgomery*, 29 AD3d 585

[2006]). The communications at issue are protected from disclosure by the deliberative process privilege (*see* CPLR 3101 [b]; *Matter of Gould v New York City Police Dept.,* 89 NY2d 267, 277 [1996]; *Tigue v United States Dept. of Justice,* 312 F3d 70, 76 [2002]; *Grand Cent. Partnership, Inc. v Cuomo,* 166 F3d 473, 482-483 [1999]). Contrary to the Utilities' contentions, the privilege was not waived (*see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust,* 43 AD3d 56, 64 [2007]; *American Re-Insurance Co. v United States Fid. & Guar. Co.,* 40 AD3d 486 [2007]). Therefore, the Supreme Court should have denied those branches of the Utilities' motion which were to compel disclosure of the communications at issue and granted that branch of the appellants' cross motion which was for a protective order regarding such communications.

The parties' remaining contentions need not be reached in light of our determination. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.