■ Joseph T. Mecca et al., Respondents, v Carmen Shang et al., Defendants. New York State Department of Health, Nonparty Appellant. [866 NYS2d 219]—

In an action to recover damages for legal malpractice, etc., New York State Department of Health appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated January 12, 2007, as granted that branch of the plaintiffs' motion which was to confirm the report of a judicial hearing officer insofar as it recommended disclosure of 13 disputed documents, directed that it release those documents to the plaintiffs and, in effect, denied that branch of its cross motion which was for a protective order as to those documents.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was to confirm the report of the judicial hearing officer insofar as it recommended disclosure of the 13 disputed documents is denied, and that branch of the appellant's cross motion which was for a protective order as to those 13 documents is granted.

In this legal malpractice action, the plaintiffs sought discovery of certain files of the nonparty New York State Department of Health (hereinafter the DOH). The DOH disclosed boxes of documents, but withheld certain documents, contending that they were confidential and exempt from discovery under various privileges and regulations. The DOH submitted an amended privilege log listing the documents withheld. The plaintiffs moved to compel the DOH to deliver all documents listed on the amended privilege log to the court for in camera review. The DOH cross-moved for a protective order pursuant to CPLR 3103. The Supreme Court referred the issue to a judicial hearing officer to hear and report on whether each document on the amended privilege log was exempt from disclosure. The motions were otherwise held in abeyance pending the judicial hearing officer's report.

After a hearing and an in camera review of the documents, the judicial hearing officer recommended disclosure of 23 documents on the amended privilege log and that the balance of the documents remain confidential. The plaintiffs moved to confirm the report. The Supreme Court granted the plaintiffs' motion,

directed the DOH to release the 23 listed documents, and, in effect, denied the DOH's cross motion for a protective order as to those documents. The DOH appeals. In its brief, the DOH states that 10 of the documents which were directed to be disclosed were previously disclosed to the plaintiffs. The DOH therefore does not object to that portion of the order which directed disclosure of those documents. The DOH submitted the 13 documents remaining in dispute to this Court for an in camera review.

The documents submitted for in camera review are exempt from disclosure under the attorney-client, work product, or deliberative process privileges, or governing regulation (see CPLR 4503, 3101 [b], [c]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 276 [1996]; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371 [1991]; Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370 [2008]; 18 NYCRR 519.13 [b]). Accordingly, the Supreme Court erred in confirming the judicial hearing officer's report as to these documents, directing their disclosure, and, in effect, denying that branch of the DOH's cross motion which was for a protective order as to those documents.

The parties' remaining contentions are not properly before this Court (see Hecht v City of New York, 60 NY2d 57 [1983]; Severino v Classic Collision, 280 AD2d 463 [2001]; Matter of Leewen Contr. Corp. v Department of Sanitation of City of N.Y., 272 AD2d 246 [2000]). Mastro, J.P., Lifson, Carni and Eng, JJ., concur.