# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**164**
**CA 16-00079**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

ACEA MOSEY, AS ADMINISTRATOR OF THE ESTATE OF
LAURA CUMMINGS, DECEASED, PLAINTIFF-APPELLANT,

V                                                              MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 25, 2015. The order granted in part the motion of defendant for a protective order, and granted the cross motion of plaintiff for leave to renew her motion to strike defendant's answer and, upon renewal, adhered to its prior determination.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of defendant's motion for a protective order related to the documents specified in the first ordering paragraph and ordering those documents to be disclosed to plaintiff within 40 days of service of entry of this order upon defendant, and as modified the order is affirmed without costs.

Memorandum: As noted in a prior appeal, plaintiff commenced this action seeking damages resulting from the wrongful death of Laura Cummings (decedent) in 2010 (*Mosey v County of Erie*, 117 AD3d 1381). After Supreme Court denied plaintiff's CPLR 3126 motion seeking to strike the answer of defendant, County of Erie (County), and granted the County's motion to dismiss the complaint, we modified the order by reinstating four causes of action (*id.* at 1382). Following remittal to the court, the County filed a motion for a protective order related to approximately 673 documents that had been received by the County's attorney following the filing of the prior motions. The County contended that those documents were privileged and thus not subject to disclosure. Plaintiff opposed the motion and cross-moved for leave to renew her motion to strike the County's answer, seeking, again, to strike the County's answer for its alleged "repeated refusal to comply" with the court's May 2011 order directing the County to

produce documents responsive to plaintiff's first notice to produce. In appeal No. 1, plaintiff appeals from the order that denied the County's motion in part and granted it in part by ordering disclosure of most of the allegedly privileged documents, and granted plaintiff's cross motion for leave to renew and, on renewal, denied plaintiff's requested relief of striking the answer.

Meanwhile, plaintiff had filed a second notice to produce seeking, inter alia, "a complete copy of any and all documents consulted, referred to, or relied upon by [the] County Executive . . . in the preparation of the nineteen (19) pieces of proposed legislation" related to child protective services that were discussed in a 2014 memorandum to State Legislators.  The County sought a protective order for those documents, contending that they were privileged and, additionally, that they were irrelevant to matters concerning decedent, who was an adult when she was murdered.  In appeal No. 2, plaintiff appeals from the order granting the County's motion insofar as it related to the demand concerning the County Executive's documents.

While preparing for the appeal in appeal No. 1, the parties began disputing whether a transcript of oral argument of the motion and cross motion should be included in the record on appeal in appeal No. 1.  Plaintiff moved to settle the record and, in appeal No. 3, plaintiff appeals from the order insofar as it denied that part of plaintiff's motion seeking inclusion of the transcript.

Addressing first appeal No. 3, we agree with plaintiff that the court erred in denying plaintiff's motion insofar as it sought inclusion of the transcript of oral argument of the motions at issue in appeal No. 1 (see *Kai Lin v Strong Health* [appeal No. 1], 82 AD3d 1585, 1586, *lv dismissed in part and denied in part* 17 NY3d 899, *rearg denied* 18 NY3d 878; *see also* CPLR 5526; 22 NYCRR 1000.4 [a] [2]).

Addressing next appeal No. 2, we agree with the County that the court properly granted its motion for a protective order.  It is well settled that the court "is invested with broad discretion to supervise discovery and to determine what is material and necessary as that phrase is used in CPLR 3101 (a) . . . , and only a clear abuse of discretion will prompt appellate action" (*Community Dev. Assn. v Warren-Hoffman & Assoc*., 4 AD3d 755, 755 [internal quotation marks omitted]).  Here, the record on appeal includes the 19 pieces of proposed legislation, which sought "to improve the provision of child protective services to New York's children and families."  We see no basis to disturb the court's determination inasmuch as the records sought are irrelevant to the issues raised by plaintiff and are thus "not material and necessary to the prosecution . . . of this proceeding" (*Matter of 425 Park Ave. Co. v Finance Adm'r of City of N.Y.*, 69 NY2d 645, 648).  In our view, plaintiff's demands were improperly "based upon hypothetical speculations calculated to justify a fishing expedition" (*Forman v Henkin*, 134 AD3d 529, 530 [internal quotation marks omitted]).

With respect to appeal No. 1, we reject plaintiff's contention

that the court abused or improvidently exercised its discretion when it denied her renewed motion to strike the County's answer.  As we stated in the prior appeal, "[t]he nature and degree of a sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the court, and the striking of a pleading is appropriate only upon a clear showing that a party's failure to comply with a discovery demand or order is willful, contumacious, or in bad faith" (*Mosey*, 117 AD3d at 1384).  Under the circumstances of this case, which include a change in the County's legal representation (*see Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193), as well as differing interpretations of communications between the parties, we decline to disturb the court's determination that the extreme sanction of striking the answer is not warranted (*see* CPLR 3126; *Sayomi v Rolls Kohn & Assoc., LLP*, 16 AD3d 1069, 1070; *cf. Hann v Black*, 96 AD3d 1503, 1504-1505).

We agree with plaintiff, however, that the court erred in denying disclosure of the documents listed in the first ordering paragraph, i.e., the adult protective services (APS) documents created after decedent's death, and we therefore modify the order accordingly. Inasmuch as decedent is the subject of those documents, her agent or legal representative is entitled to disclosure of them under Social Services Law § 473-e.  Moreover, based upon our review of the documents and the fact that they were all generated long before any notice of claim or complaint was filed against the County, we conclude that the County "failed to carry its burden of demonstrating that the materials sought were prepared solely in anticipation of litigation" (*Zampatori v United Parcel Serv.*, 94 AD2d 974, 975; *see* CPLR 3101 [d] [2]; *Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 281 AD2d 980, 981).

We reject the County's contention that the documents are privileged under the deliberative process privilege.  That privilege is also known as the "inter-agency or intra-agency materials" exemption under Public Officers Law § 87 (2) (g) (*see Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699).  The question is whether that statutory exemption contained in the Freedom of Information Law ([FOIL] Public Officers Law art 6) also applies to discovery in civil actions.  We conclude that it does not.

Both the CPLR and FOIL provide for disclosure of documents.  The former controls discovery between litigants in court proceedings, and the latter permits disclosure of governmental records to the public even in the absence of litigation.  "When a public agency is one of the litigants, this means that it has the distinct disadvantage of having to offer its adversary two routes into its records" (Siegel, NY Prac § 348 at 581 [5th ed 2011]; *see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 80-81).  The deliberative process privilege or exemption under FOIL seeks "to protect the deliberative process of the government by ensuring that persons in an advisory role [will] be able to express their opinions freely to agency decision makers" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 276 [internal quotation marks omitted]).  While some courts have applied that privilege outside the FOIL context (*see Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept.*

*of State*, 130 AD3d 1190, 1197; *Mecca v Shang*, 55 AD3d 570, 571; *New York Tel. Co. v Nassau County*, 54 AD3d 368, 369-370), we decline to do so inasmuch as the Court of Appeals "has never created nor recognized a generalized 'deliberative process privilege' " (*Matter of 91st St. Crane Collapse Litig.*, 31 Misc 3d 1207[A], 2010 NY Slip Op 52395[U], *3 [Sup Ct, NY County 2010]).

We "recognize[] the existence of some cases which all too casually mention the 'deliberate process privilege' and purport to apply it outside the context of a FOIL proceeding" (*id.* at *3). Nevertheless, it is also important to recognize that "privileges simply do not exist in the absence of either constitutional or statutory authority, or, when created as a matter of jurisprudence" (*id.*). Although the County seeks to assert "the so-called 'deliberative process privilege[,]' " in the context of a civil litigation, "neither the Court of Appeals' case law nor that of the [Fourth] Department can be construed [as] having created a distinct 'deliberate process privilege' outside the context of a FOIL proceeding" (*id.* at *3-4).

Inasmuch as this case involves "a request under the CPLR by a party in a pending action for documents in the possession of another party," as opposed to a request by a member of the public for a document under the Public Officers Law (*Marten v Eden Park Health Servs.*, 250 AD2d 44, 47; *see Matter of Schwartz*, 130 Misc 2d 786, 787-789), we agree with plaintiff that the deliberative process exemption under FOIL should not be afforded privilege status under the CPLR. Here, as in *Marten*, "[i]t is clear that the public interest protected by FOIL . . . is not served by barring [plaintiff, i.e., the agent for the subject of the APS records], from obtaining such information from [the County]" (*id.* at 47-48).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court