Boyd v State of New York (2024 NY Slip Op 51067(U))

[*1]

Boyd v State of New York

2024 NY Slip Op 51067(U)

Decided on August 8, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2024
Court of Claims

Nyjee Boyd, Claimant,

against
The State of New York, Defendant.

Claim No. 138974

For Claimant:
BRETT H. KLEIN, ESQ., PLLC
By: Brett H. Klein, Esq. 
For Defendant:
LETITIA JAMES, ATTORNEY GENERAL
By: Elaine M. Driscoll, Esq.
Assistant Attorney General

Linda K. Mejias-Glover, J.

Background
Pursuant to a So-Ordered Stipulation dated June 11, 2024, this Court directed Defendant to "produce certain personnel records maintained by the New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") for in camera review" by the Court by July 12, 2024.
In accordance with the So-Ordered Stipulation, the Court received Defendant's Privilege Log (hereinafter, the "Privilege Log"), along with a copy of DOCCS employees' redacted and unredacted personnel, labor relations and training records prior to March 29, 2022.

 Applicable Law
The Court has "broad discretion in managing disclosure, and absent an abuse of discretion or unreasonable interference with the disclosure of relevant and necessary material" that discretion will not be disturbed (Czarnecki v Welch, 23 AD3d 914, 915 [3d Dept 2005]). However, "[w]hile disclosure provisions are to be liberally construed, the trial court is vested with broad discretion to supervise discovery and determine what is 'material and necessary' under CPLR 3101 (a)" (Mora v RGB, Inc., 17 AD3d 849, 851 [3d Dept 2005]). The standard of materiality is "one of usefulness and reason," with the goal of "sharpening the issues and [*2]reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
Further, "[i]t has long been recognized that the public interest is served by keeping certain government documents privileged from disclosure (see, Cirale v 80 Pine St. Corp., 35 NY2d 113 [1974]; One Beekman Place v City of New York, 169 AD2d 492, 493 [1st Dept 1991]). Notably, The Court of Appeals has observed that '[t]he hallmark of this privilege is that it is applicable when the public interest would be harmed if the material were to lose its cloak of confidentiality'" (Cirale v 80 Pine St. Corp., supra, at 117-118).
Public Officers Law § 87 [2] [g] [i]-[iii] protects from disclosure inter-agency or intra-agency material unless the material are statistical or factual tabulations or data; instructions to staff that affect the public; or final agency policy or determinations. The privilege is cast in terms of a demand for information by a member of the public under the Freedom of Information Law (Public Officers Law §§ 84 — 90) (hereinafter "FOIL"). Even if this exemption is applicable to a demand for disclosure under the CPLR (see Mecca v Shang, 55 AD3d 570 [2d Dept 2008] [relying upon Matter of Gould v New York City Police Dept., 89 NY2d 267, 276-277 (1996)]; Febee v City of New York, 95 AD2d 664 [1st Dept 1983]; compare Clark-Fitzpatrick, Inc. v State of New York, 209 AD2d 572, 573 [2d Dept 1994]; Matter of Schwartz, 130 Misc 2d 786 [Sur Ct, Nassau County 1986]), Public Officers Law § 87 [2] does not preclude disclosure of all information (see Public Officers Law § 87 [2] [g] [i] [ii]).
The Court has carefully reviewed the 112 - Bates stamped pages provided by the Defendant, which includes the following records:
• Labor Relations files prior to March 29, 2022 for CO Alexander and CO Guthrie;
• Personnel files prior to March 29, 2022 for Sgt. Candelario, CO Alexander, CO Guthrie and CO Tulloch; and
• Training records prior to March 29, 2022 for Sgt. Candelario, CO Alexander, CO Guthrie and CO Tulloch.
Now, after a careful in camera review of said documents, and applying the aforementioned legal principles, the Court finds that pages Bates stamped as follows:
• pages 007-2 (Exhibit A2);
• 015-017 (Exhibit F);
• 022-026 (Exhibit I);
• 027-034 (Exhibit J);
• 042-049 (Exhibit M);
• 053-060 (Exhibit O);
• 089-096 (Exhibit W); and
• 101-105 (Exhibit Z)
contain information that is relevant to this Claim.
Accordingly, it is hereby,
ORDERED, that Defendant shall serve the redacted copy of Bates stamped 007-2 (Exhibit A2), 015-017 (Exhibit F), 022-026 (Exhibit I), 027-034 (Exhibit J), 042-049 (Exhibit M), 053-060 (Exhibit O), 089-096 (Exhibit W), and 101-105 (Exhibit Z) , upon Claimant's counsel within five (5) days from the date of the filing of this Order.
Dated: August 8, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims